UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **DALE QUIRIN and PATTY QUIRIN,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **WINGFOOT COMMERCIAL TIRE** ) <br> **SYSTEMS, LLC, and GOODYEAR TIRE** ) <br> **& RUBBER COMPANY, INC.,** ) <br> ) <br> **Defendants.** ) | Case No. 04-CV-2187 |

## OPINION

This case is before the court for ruling on various pre-trial motions filed by the parties. Following this court's careful and thorough review of the arguments of the parties and the documents filed by the parties, this court rules as follows: (1) Plaintiffs' Motion in Limine (#52) is GRANTED in part and DENIED in part; (2) Defendants' Motion in Limine (#55) is GRANTED in part and DENIED in part; and (3) Defendants' Motion to Sever (#56) is GRANTED.

### BACKGROUND

This case stems from a tragic accident in which a large tire exploded, injuring Plaintiff Dale Quirin and killing another individual. The case was transferred to this court from the Southern District of Illinois on September 3, 2004. Plaintiffs' Complaint was originally filed in the circuit court of the County of St. Clair, Illinois, and was removed to the Southern District of Illinois by Defendants. In their Complaint (#2), Plaintiffs alleged that Plaintiff Dale Quirin was injured when a tire and wheel separated explosively and struck him. Plaintiffs alleged that Defendants were negligent and therefore liable for Plaintiff Dale Quirin's injuries and for the loss of consortium of Plaintiff Patty Quirin. Defendants have admitted liability for causing the incident.

On December 21, 2005, Pacific Rail Services, LLC (Pacific Rail), filed a Motion to Intervene (#49). Pacific Rail stated that it was Plaintiff Dale Quirin's employer. Pacific Rail stated that it has paid Worker's Compensation benefits to Dale Quirin in the amount of $193,412.41 and that his

claim for permanent partial disability is still pending. Pacific Rail stated that it was entitled to intervene in this action to protect its lien. The Motion to Intervene was granted on January 19, 2006. On April 7, 2006, Pacific Rail filed its Claim in Intervention to Enforce its Worker's Compensation Lien (#57).

This case is scheduled for a final pretrial conference on April 21, 2006, at 11:00 a.m. and for a jury trial on May 1, 2006, at 9:00 a.m.

## I. PLAINTIFFS' MOTION IN LIMINE

On March 29, 2006, Plaintiffs filed their Motion in Limine and Brief in Support (#52). Defendants filed their Response and Opposition to Plaintiffs' Motion in Limine (#62) on April 17, 2006. Plaintiffs first requested an Order from this court barring Defendants from introducing or mentioning evidence of studies which tend to show that people fake injuries for money or that they tend to recover significantly after the payment of damages. Plaintiffs stated that they believe that Defendant will attempt to introduce through their hired expert, Dr. Mirkin, that there are studies which show that people fake injuries or recover significantly after payment of damages. Plaintiffs argued that any such evidence would not be admissible under the standards set out in <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). In their Response, Defendants noted that Plaintiffs have not cited to any specific studies which they contend are inadmissible. Defendants therefore contended that Plaintiffs have presented this court with an inadequate basis for making a decision and argued that this court should reserve ruling until specific testimony which Plaintiffs find objectionable is brought up at trial. This court concludes that evidence regarding the type of studies referred to by Plaintiffs would not be relevant or admissible at trial. Accordingly, this portion of Plaintiffs' Motion in Limine is GRANTED.

Plaintiffs' second request is for an order barring any introduction of medical bills which have been reduced from the full amounts as a result of some special or contractual agreement between the health care providers and the health care payors. Plaintiffs contend that this evidence should not

be allowed based upon the collateral source rule. In their Response, Defendants stated that they do not contest this request. Accordingly, this portion of Plaintiff's Motion in Limine is GRANTED.

For their third request, Plaintiffs sought an order barring any inference or mention that Defendants are not liable for damages related to injuries that may have been caused or contributed to during Plaintiff Dale A. Quirin's activities in "work hardening" or other health care related to the injuries at question in this lawsuit. In their Response, Defendants argued that Plaintiffs have oversimplified a complex and key issue in this case, an issue which is inappropriate for a ruling in limine. According to Defendants, there is a factual issue regarding whether Mr. Quirin's back complaints were caused by an alleged work hardening incident or were related solely to a pre-existing back condition. Defendants contended that Plaintiffs have cited no supporting authority for the proposition that a defendant who is liable for an accident which causes a wrist injury to the plaintiff is also liable if the plaintiff subsequently aggravates a pre-existing back injury allegedly due to work hardening. Defendants argued that, for Defendants to be liable for such subsequent injuries, the subsequent injury must (1) result from a bodily condition created by the first injury and (2) be the normal consequence of such injury. Defendants contend that it is difficult to fathom that developing back complaints relating to a prior back injury is the normal consequence of a wrist injury. Defendants argued that whether or not certain damages were caused by the alleged work hardening incident will be a key issue at trial. Defendants further argued that they should be allowed to explore the circumstances of the development of Mr. Quirin's back complaints because this evidence bears directly on the extent of Mr. Quirin's future wage loss claims and could demonstrate that Mr. Quirin's future wage loss damages are significantly less than the amount claimed by Plaintiffs.

This court agrees with Defendants that the case cited by Plaintiffs does not support the relief sought. This court further concludes that Defendants have made a persuasive argument that evidence regarding the cause of Plaintiffs' back injury will be relevant to several issues during trial.

Plaintiffs have not shown that Defendants should be precluded from presenting this type of evidence. Consequently, this portion of Plaintiffs' Motion in Limine is DENIED.

Plaintiffs' fourth request is for an order barring any evidence or mention of the need for tort reform. In their Response, Defendants stated that they do not contest this request. Therefore, this portion of Plaintiffs' Motion in Limine is GRANTED.

Plaintiffs' last request is for an order barring any statement or inference that Defendants would not be liable for damages related to a pre-existing condition or aggravation thereof. Plaintiffs argue that, under Illinois law, Defendants' liability for damages should not be eliminated or reduced on this basis. In their Response, Defendants argued that Plaintiffs have incorrectly stated Illinois law. Defendants contend that, obviously, they are not liable for damages solely caused by Plaintiff Dale Quirin's pre-existing 1997 back injury. Defendants argue that, under Illinois law, they are not liable for any damaged condition of Mr. Quirin's back which already existed at the time of the tire incident and, therefore, they must be allowed to introduce evidence related to the 1997 back injury. Defendants contend that evidence related to Mr. Quirin's pre-existing back injury is directly relevant to several key issues in this case, including the issue of Defendants' liability for any aggravation of the pre-existing back injury and the issue of Mr. Quirin's future wage loss claim. This court agrees with Defendants that Plaintiffs have not shown that they are entitled to the relief sought. Accordingly, this portion of Plaintiffs' Motion in Limine is DENIED.

## II. DEFENDANTS' MOTION IN LIMINE

On April 5, 2006, Defendants filed their Motion in Limine (#55) with attached exhibits and a Memorandum in Support. On April 13, 2006, Plaintiffs filed their Response to Defendants' Motion in Limine (#60) with attached exhibits.

Defendants first seek an order barring Plaintiffs from introducing evidence regarding liability for the tire incident because liability is not in dispute in this case. According to Defendants, the only issues for trial are (1) the nature and extent of the injuries and (2) the damages proximately caused

by the incident. Defendants argued that evidence tending to show liability would be unnecessary and cumulative and any probative value it might have would be outweighed by the prejudice, confusion and waste of time it would cause. In their Memorandum, Defendants argued that, upon learning of the violent nature of the explosion and the fact that another individual was killed in the accident, the jury will be more likely to sympathize with Plaintiffs and compensate them in a manner that is inconsistent with their injuries. According to Defendants, the brunt of the explosion missed Mr. Quirin, leaving him with a sprained wrist and bruised hip.

In their Response, Plaintiffs agreed that Defendants have admitted liability for the tire explosion, but argued that evidence of the severity of the explosion and the immediate rescue activities required of Mr. Quirin thereafter are relevant to connecting his present condition to the explosion itself.

This court agrees with Plaintiffs that evidence regarding the explosion incident will be relevant to the issue of the nature and extent of Mr. Quirin's injuries. Accordingly, this portion of Defendants' Motion in Limine is DENIED.

Defendants' second request is for an order barring lay testimony that Mr. Quirin's current condition was caused in fact by the tire accident. Defendants contended that whether the tire incident caused or contributed to Mr. Quirin's back condition is a matter for expert medical testimony. Defendants relied on Schmaltz v. Norfolk & Western Ry. Co., 896 F. Supp. 180 (N.D. Ill. 1995). In that case, the district court stated that "[e]xpert testimony is generally required to establish a causal connection between an accident and an injury 'unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.'" Schmaltz, 896 F. Supp. at 182, quoting Moody v. Maine Cent. R.R. Co., 823 F.2d 693, 695 (1st Cir. 1987). Defendants argued that the evidence will show that Mr. Quirin sustained a back injury prior to the tire accident, sprained his wrist and bruised his hip in the tire incident, did not complain of back pain until his work hardening program nine months later, and still complains of back pain to this day.

Defendants argued that, because of this complicated fact pattern and the delayed onset of the current symptoms, any testimony that the tire incident caused or contributed to cause Mr. Quirin's back condition must come in the form of expert medical testimony. Defendants attached a portion of the transcripts of the depositions of three of Mr. Quirin's treating physicians and stated that the deposition testimony shows that the treating physicians have concluded that his current back complaints were not caused by the tire incident.

In their Response, Plaintiffs stated that Defendants' "contention that only medical evidence can serve to assist the jury in determining both the degree and cause of the injuries is incorrect as a matter of law." Plaintiffs also disagree regarding the testimony of the treating physicians and argue that the evidence "clearly sets up an issue of fact for determination by the jury."

In Williams v. N.E. Ill. Regional Commuter R.R. Corp., 2002 WL 1433724, at *10 (N.D. Ill. 2002), the district court noted that, in Schmaltz, the court determined that expert testimony on the issue of causation was necessary because the existence of a causal relationship between herbicide exposure and respiratory illness is not obvious to lay people. The court in Williams concluded, however, that lay persons could reasonably infer that the plaintiff would suffer a back injury as a result of his activities so that expert testimony on causation was not required in that case. Williams, 2002 WL 1433724, at *10.

In this case, it appears that there will be expert testimony regarding causation. The parties clearly disagree as to what this evidence will show, and this is an issue for the jury to decide. This court concludes that the facts of this case are more similar to the fact pattern in Williams than the fact pattern in Schmaltz. This court therefore finds that Schmaltz does not support the proposition that lay testimony as to causation cannot be presented by Plaintiffs. Accordingly, this portion of Defendants' Motion in Limine is DENIED.

Defendants' third request is for an order barring Donald Upton, Plaintiffs' vocational rehabilitation expert, from testifying regarding Mr. Quirin's medical condition to the extent that his

opinion contradicts Mr. Quirin's doctors because he is not qualified to offer such testimony. In their Response, Plaintiffs stated that Upton "will testify only within the course and scope of his expertise, and will use at least a part of the basis for his testimony the physical limitations and restrictions placed upon Mr. Quirin by his medical doctors and the functional capacities evaluation ordered and performed by the treating physicians." Based upon this Response, Plaintiffs do not appear to be disagreeing that Upton is not qualified to make his own assessment of Mr. Quirin's medical condition. Therefore, this portion of Defendants' Motion in Limine is GRANTED.

For their fourth request, Defendants have asked this court for an order barring witnesses not disclosed before the discovery cut off date. Defendants argued that Plaintiffs disclosed three witnesses after the deadline for completing discovery. In their Response, Plaintiffs stated that they do not know which witnesses Defendants are referring to, but affirmatively stated that all witnesses were disclosed either well before the discovery cutoff or immediately upon learning of the existence of the witnesses. Based upon Plaintiffs' representations that no discovery violations have occurred, this portion of Defendants' Motion in Limine is DENIED.

For their fifth request, Defendants are seeking an order barring Plaintiffs from presenting evidence of wage loss extending beyond Mr. Quirin's nine-month recuperation from a sprained wrist unless Plaintiffs present medical evidence to support his ability to work at that time. It appears to be Defendants' contention that, due to Mr. Quirin's pre-existing back condition, he would have been unable to continue in his physically demanding job even if the tire accident had not occurred.

In their Response, Plaintiffs stated that they intend to produce evidence that Mr. Quirin was able to perform his employment duties before the tire explosion and has been unable to perform those duties since that time, as well as competent evidence that he is not expected to be able to perform those duties in the future. Plaintiffs further stated that they intend to produce evidence as to the present cash value of future lost earnings and the value of earnings lost up to the time of trial.

This court concludes that this dispute between the parties is a classic jury issue. This court

finds no basis for precluding Plaintiffs from putting on this evidence. Both sides must be allowed to present their evidence on this issue and present argument to the jury regarding whether Mr. Quirin is, or is not, entitled to damages for future lost earnings. Consequently, this portion of Defendants' Motion in Limine is DENIED.

Defendants' sixth request is for an order barring Plaintiffs from presenting evidence that Mr. Quirin received compensation from a collateral source, including worker's compensation. Defendants contend that this evidence is not relevant to any issue in the case, will be confusing to the jury and prejudicial to Defendants. Defendants rely on Arthur v. Catour, 883 N.E.2d 847 (Ill. 2005).

In their Response, Plaintiffs do not dispute that the collateral source rule generally prevents the admission of this type of evidence. See Arthur, 833 N.E.2d at 852 (the evidentiary component of the collateral source rule "bars admission of evidence of the existence of the collateral source or the receipt of benefits"). However, Plaintiffs argued that the fact that the jury will know that Mr. Quirin was injured in the course and scope of his employment at the time he was injured "raises a very real risk that jurors will know of workers' compensation and make an effort to adjust the verdict for monies paid as part of workers' compensation benefits, never knowing that, in fact, [Mr. Quirin] will have to repay a substantial amount of those benefits." Plaintiffs contended that, as a result of this, the collateral source should be brought to the jury. Plaintiffs noted that his employer has been allowed to intervene in this case to protect its lien and the jury should therefore be informed that money awarded to Plaintiffs will have to be paid back to the employer. Plaintiffs have cited absolutely no authority for this argument.

This court concludes that Plaintiffs have not adequately shown that the collateral source rule should not apply in this case. This court is confident that the jury will be properly instructed not to "speculate about or consider any possible sources of benefits the plaintiff may have received or might receive." See Illinois Pattern Jury Instructions (Civil) § 30.22 (2005 ed.). This court is

equally confident that the jury will follow this instruction and will not adjust the award to Plaintiffs based upon speculation as to benefits received. Accordingly, this portion of Defendants' Motion in Limine is GRANTED.

For their seventh request, Defendants have requested an order barring Plaintiffs from making any reference to the size, location and specialization of Defendants' counsels' law firm. In their Response, Plaintiffs stated that they do not intend to make any reference to the size, location or specialization of defense counsel's law firm. However, Plaintiffs stated that they believe the jury should be asked during voir dire if they know any of the members of the law firm "and each one needs to be stated by name and the offices in which they are currently serving." This court disagrees with Plaintiffs. This court will certainly ask the potential jurors during voir dire if they know Defendants' attorneys or any member of their law firm. This court will not read the name of every member of the law firm. That is not this court's practice, whether the law firm is large or small, and this court believes such a procedure in this case would unnecessarily prolong jury selection. For the reasons stated, this portion of Defendants' Motion in Limine is GRANTED.

Defendants' last request is for an order barring Plaintiffs from making any reference to the wealth or profits of either Defendant, to profit motive, corporate greed or related topics. In Response, Plaintiffs stated that they do not intend to introduce any such evidence unless Defendants open the door by arguing that Plaintiffs are seeking to profit unjustly through this lawsuit. This court is confident that both sides can refrain from any such references. Accordingly, Defendants' Motion in Limine is GRANTED.

### III. DEFENDANTS' MOTION TO SEVER

On April 5, 2006, Defendants filed a Motion to Sever the Plaintiff/Intervenor's Claim for Trial (#56). Defendants argue that this court should sever for a separate trial Pacific Rail's Claim in Intervention to Enforce its Worker's Compensation Lien (#51) pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Defendants argue that Defendants and Pacific Rail have no

dispute between them and that, instead, any "dispute" is between Plaintiffs and Pacific Rail regarding the lien under the Worker's Compensation Act. Defendants contend that allowing Pacific Rail to present evidence in support of its lien will necessarily inject the issue of collateral source payments and insurance, issues which are irrelevant, confusing and prejudicial. Defendants further contend that the proofs of the Plaintiffs' claims and Defendants' defenses are completely separate from those pertinent to Pacific Rail's claims regarding its lien, which is an equitable claim not proper for submission to the jury.

On April 13, 2006, Plaintiffs filed their Response to Defendants' Motion to Sever (#61). Plaintiffs argue that the presence of Pacific Rail at trial would serve to further the cause of justice and promote judicial efficiency because "[a]ll the issues related would be before the fact finders and would eliminate any confusion which the jurors might have as to what, if any, bearing the payment of workers' compensation benefits might have on their prospective verdict." Plaintiffs relied on Deus v. Allstate Ins. Co., 15 F.3d 506, 525 (5th Cir. 1994) in support of their position.

On April 19, 2006, Pacific Rail filed its Response to Defendants' Motion to Sever (#63). Pacific Rail agreed that the only issue in dispute regarding its Claim in Intervention is the amount of Pacific Rail's worker's compensation lien. However, Pacific Rail further stated that it has an interest in seeing that Mr. Quirin recovers an amount that is sufficient to cover the amount of its existing worker's compensation lien, which as of March 1, 2006, stood at $206,351.85. Pacific Rail additionally noted that it continues to have exposure for worker's compensation benefits and has an interest in seeing Mr. Quirin recover an amount that is sufficient to offset any future worker's compensation benefits. Pacific Rail asserts that, under Illinois law, it has a right to intervene for the limited purpose of protecting its lien and can participate in the trial if the employee consents. See Sjoberg v. Joseph T. Ryerson & Son, Inc., 132 N.E.2d 56, 58 (Ill. App. Ct. 1956).

Rule 42(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that the "court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to

expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim." This court agrees with Defendants that Pacific Rail's claim should be severed for trial. This court agrees, and has already ruled, that the collateral source rule applies to this case and the jury should not be informed of the amount of worker's compensation benefits paid in this case. Based upon this ruling, this court cannot see how Pacific Rail's claim can logistically be a part of the jury trial in this case. Certainly, no one has suggested that the jury should determine the amount of the lien. This court has carefully reviewed the case law cited by Plaintiffs and Pacific Rail. The case cited by Plaintiffs, Deus, did not involve an intervention to protect a worker's compensation lien and is inapposite to this case. In Sjoberg, the Illinois Appellate Court stated:

> No case has been cited to us which defines the right of the employer to participate in the trial of the suit. It may well be that no one has seriously considered that an employer has a right to participate in the trial of the suit, and therefore the question seems never to have been raised or decided. Our search has not revealed any decision upon that particular question. We believe the proper and just rule to apply in this type of situation is to allow the employer to join the action by intervention for the purpose allowed by the statute, and provide in the order that such intervention shall not extend to the intervening petitioner the right to participate in the conduct or trial of the suit, without the consent of plaintiff.

Sjoberg, 132 N.E.2d at 58.

This court concludes, however, that the consent of the plaintiff is not enough in this situation. As noted, this court cannot see how Pacific Rail's claim can logistically be a part of the jury trial in this case. Accordingly, based upon Rule 42(b), Defendants' Motion to Sever the Plaintiff/Intervenor's Claim for Trial (#56) is GRANTED. This court hereby orders a separate trial

on Pacific Rail's Claim in Intervention to Enforce its Worker's Compensation Lien (#51) to be scheduled following the jury trial in this case.

    IT IS THEREFORE ORDERED THAT:

    (1) Plaintiffs' Motion in Limine (#52) is GRANTED in part and DENIED in part.

    (2) Defendants' Motion in Limine (#55) is GRANTED in part and DENIED in part.

    (3) Defendants' Motion to Sever (#56) is GRANTED.

    ENTERED this  21st  day of  April, 2006.

    s/MICHAEL P. McCUSKEY
    CHIEF U.S. DISTRICT JUDGE