UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DALE QUIRIN and PATTY QUIRIN,           )<br>)<br>Plaintiffs,      )<br>v.                                                         )<br>)<br>WINGFOOT COMMERCIAL TIRE              )<br>SYSTEMS, LLC, and GOODYEAR TIRE       )<br>& RUBBER COMPANY, INC.,                )<br>)<br>Defendants.      ) | Case No. 04-CV-2187 |

## OPINION

This case is before the court for ruling on Plaintiff's Motion for Taxable Costs (#88) and Defendant's Motion for a New Trial (#89). Following this court's careful and thorough review of the arguments of the parties and the documents filed by the parties, this court rules as follows: (1) Plaintiffs' Motion for Taxable Costs (#88) is DENIED; and (2) Defendant's Motion for a New Trial (#89) is DENIED.

### BACKGROUND

A jury trial was held in this case on May 1, 2006, through May 4, 2006. On May 4, 2006, the jury returned verdicts in favor of Plaintiffs, Dale and Patty Quirin, and against Defendant, Wingfoot Commercial Tire Systems, LLC. The jury awarded damages in the amount of $1,685,000 to Dale Quirin and damages in the amount of $200,000 to Patty Quirin.

### DEFENDANT'S MOTION

On May 18, 2006, Defendant filed a Motion for New Trial and Memorandum of Law in Support (#89). Defendant stated that a substantial portion of the jury's award, $750,000, was awarded to compensate Plaintiff Dale Quirin for lost future earnings. Defendant further stated that, at trial, Plaintiff presented the testimony of Dr. Leroy Grossman. Defendant stated that Dr.

Grossman was presented as an expert economist who presented several calculations in an effort to substantiate Plaintiffs' lost future earnings claims. Defendant argued that this court should have excluded Dr. Grossman's testimony because key assumptions underlying his damage calculations were not supported by facts in evidence. Specifically, Defendant asserted that Dr. Grossman made two assumptions with respect to Dale Quirin's future earnings: (1) that Mr. Quirin is permanently and totally disabled and will be unable to find work of any kind in the future; and (2) that Mr. Quirin will only be able to find work paying minimum wage in the future. According to Defendant, the evidence presented at trial does not support either of those assumptions. Defendant also pointed out other aspects of Dr. Grossman's testimony which it contends were without evidentiary support. Defendant noted that it objected to the introduction of Dr. Grossman's videotaped testimony prior to its admission and moved to strike the testimony after it was presented. Defendant argued that Dr. Grossman's testimony should have been excluded because it was based on unproven assumptions. Defendant further argued that Dr. Grossman's opinions related to Mr. Quirin's lost future earnings undoubtedly affected the jury's determination of Plaintiffs' non-economic damages because the jury was led to believe that Mr. Quirin's unemployment was causing and would continue to cause suffering, loss of society and loss of enjoyment of life for both Plaintiffs. Defendant argued that it is therefore entitled to a new trial with respect to all issues.

On May 23, 2006, Plaintiffs filed a Response to Defendant's Motion for a New Trial (#90), with attached documentation, and a Brief in Support (#91). Plaintiffs argued that Dr. Grossman's assumptions were made in conformance with the evidence presented, and the clear inferences which may be drawn from the evidence in the record, so that there was a sound basis in the evidence for Dr. Grossman's calculations and opinions. Plaintiffs argued that this court did not err when it

allowed Dr. Grossman's testimony, so there is no basis for granting a new trial in this case.

On May 25, 2006, Defendant filed a Reply in Support of its Motion for a New Trial (#92).[1] Defendant again argued that Dr. Grossman's testimony was based upon assumptions not supported by the evidence.

This court does not disagree with Defendant's assertion that expert testimony should be excluded if it is based upon unproven assumptions. See, e.g., Clark v. Takata Corp., 192 F.3d 750, 757 (7th Cir. 1999); Loeffel Steel Prods., Inc. v. Delta Brands, Inc., 387 F. Supp. 2d 794, 809 (N.D. Ill. 2005); Owens v. Ford Motor Co., 297 F. Supp. 2d 1099, 1106 (S.D. Ind. 2003). However, this court does not agree with Defendant that there was no evidence to support the assumptions made by Dr. Grossman. Defendant has relied on a decision of the Third Circuit Court of Appeals, Elcock v. Kmart Corp., 233 F.3d 734 (3rd Cir. 2000). In Elcock, the Third Circuit stated that "an 'expert's testimony [regarding future earnings loss] must be accompanied by a sufficient factual foundation before it can be submitted to the jury.'" Elcock, 233 F.3d at 754, quoting Gumbs v. Int'l Harvester, Inc., 718 F.2d 88, 98 (3rd Cir. 1983). The court then concluded that the expert in that case made assumptions that were not supported by the record and the district court therefore abused its discretion in admitting the expert's model as evidence. Elcock, 233 F.3d at 755-56. The court noted that the expert presumed that the plaintiff would have made $12,480 per year, even though the record showed that she earned $5,774 in 1995, before her injury, and $1,070 in 1996, after the injury. Elcock, 233 F.3d at 755. The court then concluded that "the assumption that Elcock could have earned over $12,000 a year when she had only made $5,774 in the year of her injury should

---

[1] This court notes that Local Rule 7.1(B)(3) provides that "[n]o reply to the response is permitted." Defendant attached a Motion for Leave to File a Reply to its Reply, but did not file the Motion. It may be that Defendant actually meant to file the Motion and attach the Reply. In any case, the arguments included in the Reply do not change this court's decision.

have been excluded for lack of foundation." Elcock, 233 F.3d at 756. The court similarly concluded that the expert's assumption that the plaintiff was 100 percent disabled was not supported by the record which showed that she earned $1,070 in 1996, the year after her injury. Elcock, 233 F.3d at 756.

This court concludes that the facts of this case are not similar to the facts of Elcock.[2] This court agrees with Plaintiffs that Dr. Grossman's assumptions regarding Mr. Quirin's employability were supported by testimony at trial. Unlike the situation in Elcock, the evidence showed that Mr. Quirin had not been able to obtain employment since his injury and had no earnings since that time. Further, unlike Elcock, Dr. Grossman's calculations were based upon Mr. Quirin's actual pre-injury income. In addition, this court agrees with Plaintiffs that there was support in the record for the other assumptions made by Dr. Grossman that have been challenged by Defendant. This court concludes that Dr. Grossman's testimony was based upon the evidence presented and was properly admitted at trial. Accordingly, this court agrees with Plaintiffs that there is no basis for granting Defendant's request for a new trial in this case. Defendant's Motion for a New Trial (#89) is DENIED.

## PLAINTIFFS' MOTION

On May 16, 2006, Plaintiffs filed their Motion for Taxable Costs and Brief in Support (#88). Plaintiffs submitted an itemization of the costs incurred and sought an Order assessing the amount of $8,939.13 as taxable costs. Plaintiffs stated that they were seeking reimbursement for all costs which were "reasonably necessary to the case," including such costs as professional fees of the

---

[2] This court reaches the same conclusion regarding the other cases cited by Defendant on the issue of the admissibility of an expert economist's future lost earnings calculation.

doctors and economists as well as the videography fees charged in presenting testimony of the expert witnesses in submissible fashion.

On May 30, 2006, Defendant filed its Memorandum in Opposition to Plaintiffs' Motion for Taxable Costs (#93). Defendant first argued that Plaintiffs' request for costs should be denied because Plaintiffs failed to comply with Rule 54.1 of the Local Rules of the Central District of Illinois. Defendant pointed out that Plaintiffs failed to use Form AO-133 or provide supporting documentation. Defendant also argued that Plaintiffs improperly sought: "professional fees" of their non-retained experts when only court-appointed expert fees are recoverable; costs for both the transcripts and videotapes of certain depositions; the expense of editing videotaped depositions; the costs of deposing Plaintiffs' retained expert Dr. Grossman a second time; and a mediator's fee. Defendant contended that none of these costs are recoverable under 28 U.S.C. §§ 1821 and 1920.

Rule 54(d) of the Federal Rules of Civil Procedure provides, in relevant part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d); Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000); Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 944 (7th Cir. 1997). The Seventh Circuit has consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the discretion of the district court. Weeks, 126 F.3d at 945. However, district courts have broad discretion in deciding whether and to what extent costs may be awarded to the prevailing party. Weeks, 126 F.3d at 945.

Allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920. EEOC v. Wal-Mart Stores, Inc., 2000 WL 1162029, at *2 (S.D. Ill. 2000), citing Collins v. Gorman, 96 F.3d 1057, 1058 (7th Cir. 1996). The Seventh Circuit has interpreted this statute to include

deposition costs, including the costs of deposition transcripts. <u>Cengr v. Fusibond Piping Sys., Inc.</u>, 135 F.3d 445, 454 (7th Cir. 1998); <u>Higbee v. Sentry Ins. Co.</u>, 2004 WL 1323633, at *1 (N.D. Ill. 2004). However, to award these costs under Rule 54(d), the district court must determine that the costs are reasonable and were necessary to the litigation. <u>See</u> <u>Cengr</u>, 135 F.3d at 454; <u>Engate, Inc. V. Esquire Deposition Servs., LLC</u>, 2006 WL 695650, at *3-4 (N.D. Ill. 2006). This determination cannot be made without adequate supporting documentation. <u>See</u> <u>Barnett v. City of Chicago</u>, 1999 WL138813, at *9 (N.D. Ill. 1999). In fact, Rule 54.1 of the Local Rules of the Central District of Illinois specifically provides that a bill of costs should include "supporting documentation." Rule 54.1 also states that a bill of costs "must include form AO-133 as a summary."

In this case, Plaintiffs have not provided documentation in support of any of the costs sought. Therefore, this court is unable to make the necessary finding that the costs incurred were reasonable. <u>See</u>, e.g., <u>Cengr</u>, 135 F.3d at 457 (discussing the reasonable per page charge for a deposition transcript); <u>Barnett</u>, 1999 WL 138813, at *9 ("[w]ithout any documentation it is impossible for the opposing party to make specific objections as well as for a court to determine the reasonableness of fees"). Moreover, Plaintiffs have only provided a general explanation as to why the costs incurred in this litigation were necessary. This kind of conclusory explanation is insufficient. <u>See</u> <u>Engate</u>, 2006 WL 695650, at *3. In addition, as pointed out by Defendant, Plaintiffs did not submit Form AO-133 and have not complied with Local Rule 54.1.

Because Plaintiffs failed to comply with Local Rule 54.1 and did not submit any supporting documentation in support of their request for costs, this court concludes that Plaintiff's Motion for Taxable Costs (#88) must be DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for New Trial (#89) is DENIED.

(2) Plaintiffs' Motion for Taxable Costs (#88) is DENIED.

ENTERED this 5th day of June, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE