E-FILED
Tuesday, 27 June, 2006   10:56:08 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DALE QUIRIN and PATTY QUIRIN, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 04-CV-2187 |
| ) | |
| WINGFOOT COMMERCIAL TIRE ) | |
| SYSTEMS, LLC, and GOODYEAR TIRE ) | |
| & RUBBER COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION**

This case is before the court for ruling on Plaintiffs' Motion to Set Aside the Court's Order Related to Plaintiffs' Motion for Taxable Costs (#95) and Plaintiffs' Amended Motion for Taxable Costs (#96). Defendant has filed a Memorandum in Opposition to both Motions (#125, #126). Following this court's careful and thorough review of the arguments of the parties, Plaintiffs' Motions (#95, #96) are DENIED.

BACKGROUND

A jury trial was held in this case on May 1, 2006, through May 4, 2006. On May 4, 2006, the jury returned verdicts in favor of Plaintiffs, Dale and Patty Quirin, and against Defendant, Wingfoot Commercial Tire Systems, LLC. The jury awarded damages in the amount of $1,685,000 to Dale Quirin and damages in the amount of $200,000 to Patty Quirin.

On May 16, 2006, Plaintiffs filed their Motion for Taxable Costs and Brief in Support (#88). Plaintiffs submitted an itemization of the costs incurred and sought an Order assessing the amount of $8,939.13 as taxable costs. Plaintiffs stated that they were seeking reimbursement for all costs which were "reasonably necessary to the case," including such costs as professional fees of the doctors and economists as well as the videography fees charged in presenting testimony of the expert

witnesses in submissible fashion.

On May 30, 2006, Defendant filed its Memorandum in Opposition to Plaintiffs' Motion for Taxable Costs (#93). Defendant first argued that Plaintiffs' request for costs should be denied because Plaintiffs failed to comply with Rule 54.1 of the Local Rules of the Central District of Illinois. Defendant pointed out that Plaintiffs failed to use Form AO-133 or provide supporting documentation. Defendant also argued that Plaintiffs improperly sought: "professional fees" of their non-retained experts when only court-appointed expert fees are recoverable; costs for both the transcripts and videotapes of certain depositions; the expense of editing videotaped depositions; the costs of deposing Plaintiffs' retained expert Dr. Grossman a second time; and a mediator's fee. Defendant contended that none of these costs are recoverable under 28 U.S.C. §§ 1821 and 1920.

On June 5, 2006, this court entered an Opinion (#94) which ruled on Plaintiff's Motion for Taxable Costs. This court stated that, in order to award costs under Rule 54(d) of the Federal Rules of Civil Procedure, it had to determine that the costs were reasonable and necessary to the litigation. This court noted that Plaintiffs did not provide documentation in support of any of the costs sought. This court concluded that, in the absence of documentation, it was unable to make the necessary finding that the costs incurred were reasonable. In addition, this court noted that Plaintiffs provided only a general explanation as to why the costs incurred in this litigation were necessary and found that this kind of conclusory explanation was insufficient. Finally, this court agreed with Defendant that Plaintiffs did not submit Form AO-133 and did not comply with Local Rule 54.1. Because Plaintiffs failed to comply with Local Rule 54.1 and did not submit any supporting documentation in support of their request for costs, Plaintiffs' Motion for Taxable Costs (#88) was DENIED.

ANALYSIS

On June 9, 2006, Plaintiffs filed a Motion to Set Aside the Court's Order Related to Plaintiffs' Motion for Taxable Costs (#95), with an attached Brief in Support. Plaintiffs stated that this court's denial of taxable costs to Plaintiffs was "based upon a technicality as opposed to an opinion and decision based upon substance." Plaintiffs then acknowledged that their counsel failed to comply with the portions of Local Rule 54.1 which relate to documentation of costs and the inclusion of a summary on Form AO-133. Plaintiffs stated that this failure could be and had been remedied. Plaintiffs argued that "[i]t would be an injustice to the plaintiffs under Rule 54(d) to deny costs based upon their attorneys' technical error when that error can be remedied." In their attached Brief, Plaintiff cited authority for the unremarkable proposition that, under Rule 54(d), there is a strong presumption that the prevailing party will recover costs, with the ultimate decision resting with the discretion of the district court.

Plaintiffs also filed an Amended Motion for Taxable Costs (#96), a Form AO-133 (#97) which stated that Plaintiffs were now seeking costs in the total amount of $11,388.63, an Amended Bill of Costs (#98), which also listed costs in the total amount of $11,388.63, and supporting documentation (#99, #100, #101, #102, #103, #104, #105, #106, #107, #108, #109, #110, #111, #112, #113, #114, #115, #116, #117, #118, #119, #120, #121, #122, #123, #124). While the documentation provided was extensive, Plaintiffs did not address (or even acknowledge) Defendant's well-supported arguments that some of the costs requested were not recoverable under 28 U.S.C. §§ 1821 and 1920. Plaintiffs also did not provide a specific explanation as to why the costs they sought were necessary to the litigation.

On June 23, 2006, Defendant filed a Memorandum in Opposition to Plaintiffs' Motion to Set

Aside the Court's Order Related to Plaintiffs' Motion for Taxable Costs (#125). Defendant argued that Plaintiffs' Motion was actually a motion for reconsideration. Defendant further argued that none of the circumstances which warrant a motion for reconsideration are present here. Defendant noted that Plaintiffs alleged no error of law on the part of the court, did not present newly discovered evidence which was not available at the time of the original motion, and did not present any intervening authority. Defendant also argued that Plaintiffs made no showing of any excuse for failing to comply with the court's rules. Defendant therefore requested that Plaintiffs' Motion (#95) be denied and that Plaintiffs should not be given leave to file their Amended Motion for Taxable Costs.

Defendant also filed a Memorandum in Opposition to Plaintiffs' Amended Motion for Taxable Costs (#126). Defendant argued that, even if this court reconsidered its earlier Opinion and considered Plaintiffs Amended Motion for Taxable Costs, it should be denied because: (1) it was untimely as Local Rule 54.1 provides that any request for costs must be filed within 30 days of the judgment; (2) Plaintiffs made no showing of any excuse for their failure to comply with the court's rules; (3) Plaintiffs offered no authority in support of the proposition that this court should accept an amended motion for costs after the deadline set by the Local Rules; (4) Plaintiffs' Amended Motion for Taxable Costs includes costs which were not included in its original filing; and (5) there is no manifest injustice in denying an improper motion for costs where Plaintiffs have a judgment of $1,885,000. Defendant also reiterated that some of the costs sought were not recoverable under the applicable case law and statutes.

This court agrees with all of Defendant's arguments. This court reminds Plaintiffs that compliance with this court's rules is not a mere "technicality" which can be ignored by the parties.

Moreover, this court's Opinion cited pertinent, well-reasoned authority and was "based upon substance." Plaintiffs submitted absolutely no documentation in support of their original request for costs and, even after this failure was pointed out by Defendant, did nothing to attempt to correct the error until after this court ruled and the 30-day period for requesting costs had passed. Plaintiffs have not even attempted to provide a justification for the failure to comply with Rule 54.1 in a timely manner.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiffs' Motion to Set Aside the Court's order Related to Plaintiffs' Motion for Taxable Costs (#95) is DENIED.

(2) Plaintiffs' Amended Motion for Taxable Costs (#96) is DENIED.

ENTERED this 27th day of June, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE